## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NAWAPORN PAWANANUN, | ) | CASE NO. 1:20CV1081 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL A. PETTIT, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

    Plaintiff Nawaporn Pawananun asks the Court to enforce the Thai Court's custody decision issued in March of 2020. (Doc. 43). That request is **DENIED** because a district court does not have the authority to determine the merits of the underlying custody claim. *Friedrich v. Friedrich*, 983 F.2d 1396, 1400 (6th Cir. 1993). However, the Court enters the following Visitation Order under 22 U.S.C. § 9004, which allows a court to enter a provisional remedy to ensure the well-being of the children. *See* 22 U.S.C. § 9004(a).

    The facts of this case have been discussed in previous Court Orders. (*See* Docs. 9 & 39). Relevant here, Plaintiff has recently come to the United States for an extended stay throughout the remainder of the lawsuit. She landed in Cleveland, Ohio on September 10, 2020 and is staying within the jurisdiction of the Northern District of Ohio.

    While here, Plaintiff has advised Defendant that "she expects to have custody of the children[.]" (Doc. 43, PageID: 374). After being unable to reach an agreeable visitation

schedule with Defendant, Plaintiff requested the Court enforce the Thai Court's custody decision and deliver custody of her children to her. (*Id.* at 376).

Defendant opposed the Motion. According to Defendant, granting sole custody to Plaintiff during this time would be "contrary to the well-being of the minor children." (Doc. 44, PageID: 394). Instead, Defendant proposed a 'parenting time order' that essentially split visitation 50-50, with a weekly rotating schedule. (*Id.* at 397). Defendant also requested Plaintiff to satisfy other conditions, including passing two COVID-19 tests. (*Id.*).

Plaintiff disagreed with Defendant's approach. (Doc. 45). Rather than implementing procedures to protect the well-being of the children, Plaintiff believes Defendant's conditions are imposed "to prevent the children from seeing their mother." (*Id.* at 401). Plaintiff specifically objects to the COVID-19 testing requirement, citing the lack of resources and wherewithal to obtain a test. (*Id.*). And instead of agreeing to a visitation schedule with Defendant, Plaintiff provided her own visitation schedule that mirrors the Cuyahoga County Court of Common Pleas, Domestic Relations Division. (Doc. 46, PageID: 403).

Given the nature of the briefings, the Court held a Telephone Conference on September 11, 2020. During the call, the parties discussed a visitation schedule and the possibility of a COVID-19 test. The parties also discussed outstanding trial procedural issues. The issues are addressed as follows.

**Visitation Order**

After review of the parties' briefings and oral arguments at the Telephone Conference, the Court enters the following Visitation Order:

|        | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
|--------|--------|---------|-----------|----------|--------|----------|--------|
| Week 1 | Father | Father  | Mother    | Mother   | Mother | Father   | Father |
| Week 2 | Mother | Mother  | Father    | Father   | Father | Mother   | Mother |

The Court believes a 50-50 split is appropriate here considering the parties' previous Divorce Agreement. (*See* Doc. 1-3). Moreover, the parties shall do their best to ensure the children's routine, including schooling, stays regular. As for the children's birthdays (October 17 and 24, 2020), the parent without physical custody of the children on the day assigned by the Court shall have from 12:00PM to 6:00PM to spend with the children. Finally, the Court's previous order restricting travel outside the Northern District of Ohio remains in place. (*See* Doc. 9).

This Visitation Order shall commence upon Plaintiff's negative COVID-19 test, as discussed below.

**COVID-19 Test**

The Court and parties are acutely aware of the COVID-19 pandemic raging across the globe. Although Thailand is experiencing a relatively low-risk of COVID-19, international travel presents certain risks of exposure to the virus. The Centers for Disease Control and Prevention recommends that international travelers get a COVID-19 test upon their return from travel.[1]

The Court agrees with the CDC's recommendation and finds that Plaintiff must take and pass one COVID-19 test before seeing her children. This measure is to protect the well-being of the children, especially the eldest child who suffers from asthma. The CDC reports that individuals – young or old – who suffer from asthma may be at risk for severe illness from

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, "After You Travel" (updated Aug. 25, 2020), available at: https://www.cdc.gov/coronavirus/2019-ncov/travelers/after-travel-precautions.html (last accessed Sept. 11, 2020).

COVID-19.[2]  A negative test will greatly reduce Plaintiff's risk to her children.  The parties agree with this approach, so long as it is logistically feasible.

The Court has arranged for Plaintiff to undergo a test as discussed off the record.  If there are any costs associated with the test, Defendant must pay those costs.

**Trial Procedure**

After discussion with the parties, the Court sets a Bench Trial in this matter for October 21 and 22, 2020.  A separate Trial Order will follow.

As for the parties' joint request "to modify the Standing Trial Order to eliminate the requirement for factual recitations and legal argument in the trial briefs," (Doc. 41, PageID: 370), the Court Orders as follows:

- The parties do not have to discuss the controlling law of the case in their pretrial brief;

- The Court Orders that the parties do not need to submit a proposed Findings of Fact and Conclusions of Law within their Trial Briefs.  Rather, the parties must submit their proposed Findings of Fact and Conclusions of Law at a time to be determined after the Trial;

- The parties must provide the Court the following in a Trial Brief at least 14 days before Trial: a) statement of facts; b) list of proposed witnesses and brief description of the subject matter of their testimony; c) an index of all proposed exhibits containing a brief description of each exhibit; and d) a discussion of any evidentiary issues likely to arise at trial; and

- The Court's standard practice involving Motions in Limine remains in force.

   **IT IS SO ORDERED.**

 s/ Christopher A. Boyko<br>
**CHRISTOPHER A. BOYKO**<br>
**Senior United States District Judge**

**Dated: September 11, 2020**

---

[2] CENTERS FOR DISEASE CONTROL AND PREVENTION, "People with Certain Medical Conditions" (updated Sept. 11, 2020), available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma (last accessed Sept. 11, 2020).