UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NAWAPORN PAWANANUN, | ) | CASE NO. 1:20CV1081 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL A. PETTIT, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are the parties' challenges to the admission of certain evidence at Trial. The Court addresses those challenges as follows.

### I. BACKGROUND

Plaintiff initiated this lawsuit against her ex-husband for the wrongful removal of her two minor children from Thailand to the United States. The parties agreed and stipulated that the children's habitual residence is Thailand, Defendant removed the children from Thailand to the United States and, by removing the children, Defendant interfered with Plaintiff's custodial rights.

Defendant defends his removal by arguing that the children's return to Thailand "would expose them to physical and/or psychological harm and otherwise place them in an intolerable situation under Article 13(b) of the Convention." (Doc. 18, PageID: 235). Specifically, Defendant claims that the "sexual predation of Plaintiff's significant other, Roger Ian Hardy…, and Plaintiff's indifference to same present a grave risk in that the return of the children would

expose the children to continued physical and psychological harm and an intolerable situation." (*Id.*).

## II. LAW & ANALYSIS

### A. Motion *in Limine*

"Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997)). A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue…the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St. 3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank*, 2011 WL 4625359, at *1 (S.D. Ohio Oct. 3, 2011). It is noteworthy that denial of a motion *in limine* does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The rules of evidence state that relevant evidence is evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that "is not relevant is not admissible." Fed. R. Evid. 402. Moreover, courts can exclude relevant evidence if its probative value is substantially outweighed by certain dangers, like unfair prejudice or confusing the issues. Fed. R. Evid. 403. And generally, evidence of a person's character is irrelevant and not admissible to prove that the person acted in accordance with the character. Fed. R. Evid. 404.

Plaintiff anticipates that Defendant will introduce certain documents that reflect investigation efforts into Roger Ian Hardy by the medical boards of Massachusetts, New Hampshire and Maine ("Board Reports"). (Doc. 50, PageID: 427). According to Plaintiff, the Board Reports reflect irrelevant character evidence of Hardy that the Court should exclude. Defendant counters and argues that the Board Reports are admissible as a Public Record exception to the general rule prohibiting hearsay. (Doc. 55, PageID: 573). According to Defendant, the Board Reports reflect a thorough investigation of Hardy by a public office, are trustworthy and credible, and should be admitted into evidence. (*See generally*, *id.*). Plaintiff replies in support of her Motion, arguing that Defendant's opposition misses the point—the issue is not one of admissibility but rather of relevance. (Doc. 57, PageID 581). According to Plaintiff, "Defendant makes no attempt to explain how unproved, non-criminal allegations of professional misconduct against Hardy made by adult patients seven years ago, have any probative value in determining whether Plaintiff's association with Hardy poses a grave risk of harm to the children today." (*Id.*).

The Court agrees with Plaintiff. The Board Reports concern allegations that Hardy, as a medical doctor, sexually assaulted his patients. Throughout the course of their investigation, Board investigators interviewed numerous witnesses. The Board ultimately sought Hardy's suspension because he "represent[ed] an immediate and serious threat to the health, safety and welfare of the public[.]" (Doc. 17-2, PageID: 183). Soon after, Hardy voluntarily surrendered his medical license in January of 2014. (Doc. 17-3, PageID: 223).

While the investigative documents may be admissible, they must also be relevant to the claims of the case. As Plaintiff correctly highlights, Defendant does not argue the relevance of the records in proving that the children would face a grave risk of harm or an intolerable situation should they return to Thailand. This leaves the Court to make the relevance argument for Defendant, which it will not do. While the Board Reports may reflect Hardy's "sexual predation," Defendant does not respond to Plaintiff's concerns of using character evidence in this manner. Moreover, there has been no attempt to link the abuse of adult-medical patients to the concern at issue here—that is, the risk of harm to the children.

Therefore, Plaintiff's Motion to exclude the Board Reports is **GRANTED**. Although this is the Court's substantive findings on the Board Reports, the Court reserves the right to revisit this ruling at trial depending on how the evidence is presented and if it can be shown the excluded evidence is relevant and offered for a proper purpose.

**B.  Deposition Objections**

Admirably, the parties deposed four witness based in Thailand via remote means. During those depositions, the parties made various objections for the Court's consideration. The Court rules as follows. The Court strikes all sustained objections and will not consider the testimony as

evidence. As discussed above however, the Court reserves the right to re-visit these rulings during trial.

    i.    *Allesandro Stasi*

| Page | Line(s) | Objection | Court Ruling |
|---|---|---|---|
| 11 | 1-7 | Leading, lack of foundation, assuming facts not in evidence. | **OVERRULED** |
| 35 | 16-18 | Misleading | **OVERRULED** |
| 45 | 1-4 | Lack of Foundation | **SUSTAINED** |

    ii.    *Bruce A. Lasky*

| Page | Line(s) | Objection | Court Ruling |
|---|---|---|---|
| 13-14 | 23-1 | Hearsay | **OVERRULED** |
| 15 | 19-23 | Lack of Foundation | **OVERRULED** |
| 27-28 | 25-20 | Hearsay | **SUSTAINED** |
| 28-29 | 24-16 | Hearsay | **OVERRULED** |
| 33 | 14-19 | Hearsay | **SUSTAINED IN PART**[1] |
| 35 | 7-15 | Hearsay | **OVERRULED** |
| 35 | 17-20 | Hearsay | **OVERRULED** |
| 35 | 22-23 | Hearsay | **OVERRULED** |
| 42 | 18-23 | Privilege | **SUSTAINED** |
| 44 | 17-18 | Privilege | **SUSTAINED** |

    iii.    *Thaweeporn "Umy" Hardy*

| Page | Line(s) | Objection | Court Ruling |
|---|---|---|---|
| 8 | 13-17 | Non-Responsive; Lack of Foundation | **SUSTAINED** |
| 13 | 16-17 | Hearsay | **SUSTAINED** |
| 15 | 9-10 | Lack of Foundation | **SUSTAINED** |
| 15 | 12 | Non-Responsive | **SUSTAINED** |
| 16 | 10-14 | Lack of Foundation | **SUSTAINED** |
| 16 | 21-24 | Lack of Foundation; Non-Responsive | **SUSTAINED** |
| 17 | 1-4 | Hearsay | **SUSTAINED** |
| 18 | 4 | Hearsay | **SUSTAINED** |
| 21 | 10-23 | Hearsay; Lack of Foundation | **SUSTAINED IN PART**[2] |

---

[1] The following is stricken from the response – "based upon the discussion and Mia indicating that she had a fear of Hanna's father." (Doc. 53-1, PageID: 477, Lines 17-19).

[2] The following is stricken from the response –

    A: …She hesitate to keep or not keep, but then she thought about my children, if they rejected him, he's going to be not together with the family and that going to

| Page | Line(s) | Objection | Court Ruling |
|---|---|---|---|
| 25 | 20-24 | Leading; Lack of Foundation | **SUSTAINED** |
| 29 | 21-24 | Hearsay; Lack of Foundation | **SUSTAINED** |
| 30 | 15-20 | Lack of Foundation | **SUSTAINED** |
| 31 | 1-8 | Hearsay | **OVERRULED** |
| 31 | 17-19 | Hearsay | **OVERRULED** |
| 32 | 10-13 | Lack of Foundation; Hearsay | **SUSTAINED** |
| 32 | 15 | Lack of Foundation; Hearsay | **OVERRULED** |
| 33-34 | 22-3 | Lack of Foundation | **SUSTAINED** |
| 36 | 10-22 | Hearsay | **SUSTAINED** |
| 37 | 1-15 | Lack of Foundation | **SUSTAINED** |
| 37-38 | 19-25 | Lack of Foundation | **SUSTAINED** |
| 38-39 | 25-10 | Lack of Foundation | **SUSTAINED IN PART**[3] |
| 39 | 13-17 | Lack of Foundation | **SUSTAINED** |
| 40 | 3-12 | Hearsay | **SUSTAINED** |
| 47 | 18-24 | Leading | **OVERRULED** |
| 53 | 4-5 | Lack of Foundation | **SUSTAINED** |
| 60 | 18-21 | Attorney-Client Privilege; Legal Conclusion | **OVERRULED** |
| 61-62 | 12-22 | Lack of HIPAA Authorization | **OVERRULED** |
| 65 | 3-9 | Speculation | **OVERRULED** |
| 75-76 | 24-1 | Attorney-Client Privilege | **OVERRULED** |
| 101 | 21-23 | Speculation | **SUSTAINED** |

    *iv.*    *Roger Ian Hardy*

| Page | Line(s) | Objection | Court Ruling |
|---|---|---|---|
| 17 | 7-17 | Leading | **SUSTAINED** |
| 21-22 | 24-11 | Speculation | **SUSTAINED IN PART**[4] |
| 22 | 25 | Inquiring into matters protected by HIPAA | **OVERRULED** |
| 23 | 10-16 | Inquiring into matters protected by HIPAA | **OVERRULED** |
| 23 | 19-24 | Inquiring into matters protected by HIPAA | **OVERRULED** |
| 24 | 7-20 | Referring to a document not in evidence | **OVERRULED** |
| 24-25 | 25-8 | Hearsay | **OVERRULED** |
| 25-26 | 1-16 | Non-Responsive | **OVERRULED** |

    be bad for the children, so she decided to give him a visa, but she admit to me later she feel bad.

    Q: Who felt bad?

    A: The immigration police officer.

(Deposition of Ms. Hardy, Page 21, Lines 15-23).

---

[3] The following is stricken from the response – "…maybe the reason is Natt is there is so he has a chance to talk to her or something." (Deposition of Ms. Hardy, Page 39, Lines 8-10).

[4] The following is stricken from the response – "because I'm presuming, Mike, I see is listening here, who will then duly report back to Umy. So I need to be careful –" (Doc. 58-2, PageID: 609, Lines 5-7).

| 26-27 | 25-2 | Referring to information not offered into evidence | **OVERRULED** |
|---|---|---|---|
| 27 | 6-22 | Referring to information not offered into evidence | **OVERRULED** |
| 27-28 | 24-2 | Speculation | **SUSTAINED** |
| 28 | 3-4 | Hearsay | **SUSTAINED** |
| 29 | 16-21 | Hearsay | **SUSTAINED IN PART**[5] |
| 31 | 23-24 | Lack of Foundation | **OVERRULED** |
| 33 | 15-22 | Referring to a document not offered into evidence | **OVERRULED** |
| 34 | 20-23 | Referring to a document not offered into evidence | **OVERRULED** |
| 38 | 3-10 | Leading | **SUSTAINED IN PART**[6] |
| 39 | 1-3 | Offering a legal conclusion | **SUSTAINED** |
| 68 | 17-21 | Assumes facts not in evidence | **OVERRULED** |
| 69 | 10-12 | Assumes facts not in evidence | **OVERRULED** |

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **Senior United States District Judge**

**Dated: October 20, 2020**

---

[5] The following is stricken from the response – "The school also called Nat in to say "Why is this man having these outbursts in front of the children?" (*Id.*, PageID: 616, Lines 19-21).

[6] The following is stricken from the response – "Because, again, this has been part of Umy's lawsuit." (*Id.*, PageID: 625, Lines 7-8).