## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NAWAPORN PAWANANUN, | ) | CASE NO. 1:20CV1081 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| MICHAEL A. PETTIT, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

### CHRISTOPHER A. BOYKO, SR. J.:

Before the Court is Petitioner Nawaporn Pawananun's request for attorney's fees and

other expenses under the International Child Abduction Remedies Act ("ICARA"), Section

9007(b)(3).  (Doc. 84).  Respondent Michael Pettit opposes the request for expenses because the

award would be 'clearly inappropriate' under the circumstances of the case.  (Doc. 87).  For the

following reasons, the Court disagrees with Respondent and awards Petitioner the expenses she

seeks.

### I. BACKGROUND FACTS

Petitioner sued her ex-husband Respondent seeking the return of her minor children

under the Hague Convention and ICARA.[1]  Respondent defended his actions on the basis that, if

his children remained in Thailand, they would be exposed to a grave risk of harm or an

intolerable situation due to the danger presented by Petitioner's alleged romantic partner.  After a

---

[1] A more detailed factual and procedural background can be found in the Court's Opinion that ordered the children's return to Thailand.  (*See* Doc. 76).

bench trial, the Court found that Respondent did not meet his burden of establishing grave risk of harm and ordered the children's return to Thailand.  (Doc. 76).

Petitioner now seeks the expenses she incurred in successfully seeking the return of her children.  Respondent opposes that request in total on the grounds that any award would be clearly inappropriate under the circumstances.

## II. LAW & ANALYSIS

### A.    Standard of Review

Section 9007(b)(3) provides that a district court "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees…and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."  22 U.S.C. § 9007(b)(3).  Thus, § 9007(b)(3) establishes a presumption that a court will award a successful petitioner her necessary expenses. *Rath v. Marcoski*, 898 F.3d 1306, 1310-11 (11th Cir. 2018).

But the statute does contain a caveat — expenses should not be awarded if the court finds that such an award would be "clearly inappropriate."  22 U.S.C. § 9007(b)(3); *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).  Respondent bears the burden in demonstrating that an award is 'clearly inappropriate' and that burden is substantial.  *Rath*, 898 F.3d at 1311; *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013).  This heavy burden reflects the structure of the Hague Convention and provides an additional deterrent to wrongful international child removals and retentions.  *Rath*, 898 F.3d at 1311; *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 80 (2d Cir. 2016).

Accordingly, an analysis under § 9007(b)(3) asks two questions: (1) whether an award of expenses is 'clearly inappropriate' under the circumstances; and (2) if expenses are appropriate, whether the expenses sought are necessary.  *See Chambers v. Russell*, 2021 WL 1581074, *1

(M.D.N.C. Apr. 22, 2021).  Here, the Court finds than an award of expenses is clearly appropriate and that the requested expenses were necessary in returning the children.

## B.  Clearly Inappropriate

Respondent argues an award of expenses would be clearly inappropriate because of his financial situation and the reasons behind his decision to leave Thailand with the children.  He accurately states that courts may consider both a respondent's financial condition and his good faith in deciding whether an expense award is appropriate.  *See Rath*, 898 F.3d at 1311; *Chambers*, 2021 WL 1581074 at *1.  But here, neither circumstance demonstrates that an expense award would be clearly inappropriate.

As to financial condition, courts find this factor relevant if it would place respondent in a dire situation *in providing for the children*.  *Rath*, 898 F.3d at 1311; *Montero-Garcia v. Montero*, 2013 WL 6048992, *5 (W.D.N.C. Nov. 14, 2013) (a court may reduce an expense award if such award would prevent a respondent with a straitened financial condition from caring for his child); *Whallon*, 356 F.3d at 140 ("preserving the ability of respondent to care for her child is an important factor to consider"); *Chambers*, 2021 WL 1581074, *1 ("a respondent's financial situation or inability to pay an award may be a factor that would make that award inappropriate, particularly if it would impact the welfare of the child"); *Djeric v. Djeric*, 2019 WL 2374070, *1 (S.D. Ohio June 5, 2019) (same).

Respondent focuses on his own financial condition, irrespective of his ability to care for the children.  Perhaps he advances this argument because his children are in Thailand and he is not responsible for their day-to-day care.  The Thai Custody Order confirms that Petitioner has sole custody, subject to Respondent's right to visit and meet with his daughters.  An expense award would not impact Respondent's ability to either meet or visit with his children.  While

Respondent states that an award would impact his ability to visit, evidence from trial showed that he has free airfare to Thailand.  (Doc. 69, PageID: 1415).  This fact undercuts his argument.

Since an award of expenses would not impact Respondent's ability to provide care for his children, an award is not clearly inappropriate due to his financial condition.

Next, Respondent argues that he had a good faith reason for removing the children from Thailand, that being the threat of harm from Mr. Hardy.  Respondent contends that because Petitioner refused to see Hardy's danger, Respondent had no choice but to take the children to the United States.  Thus, Respondent believes he acted in good faith and Petitioner's own actions contributed to the costs incurred in this matter.

Again, Respondent is correct that courts consider a party's good faith removal in deciding whether an expense award is appropriate.  *Rath*, 898 F.3d at 1311.  But when courts consider this argument, they focus on legal justifications or situations of partner violence.  *See Ozaltin*, 708 F.3d at 375-76 (respondent acted consistent with pronouncements from Turkish court); *Souratgar*, 818 F.3d at 81 (removal due to partner violence was proper justification for not awarding expenses); *Chambers*, 2021 WL 1581074 at *1 (good faith may be demonstrated by acting in accordance with laws of the habitual residence); *Djeric*, 2019 WL 2374070, at *2 (good faith belief may be predicated on agreement of the parties).

Respondent did not act in good faith in removing the children from Thailand.  The Court sees Respondent's argument as a rearticulation of his argument at trial.  And after trial, the Court found that the allegations of abuse were "equivocal at best."  Beyond that, three additional reasons demonstrate Respondent's lack of good faith.  One, Respondent had no legal justification in removing the children at the time of his departure.  The parties previously agreed to raise the

girls in Thailand.  Moreover, the parties were currently in a lawsuit over custody, with both parties seeking sole custody.

Two, Respondent used his removal of the children as a tool of manipulation.  Rather than allowing Petitioner to talk with the girls, Respondent used their removal as a bargaining chip, demanding Petitioner drop her custody suit in exchange for access to her daughters.  (Doc. 69, PageID: 1324-25).

Finally, Respondent acted secretly in removing the children from Thailand.  This was not the case of a mistake or an overextended trip.  Rather, he fled Thailand with the children without Petitioner's knowledge.

Accordingly, Respondent's arguments that he acted in good faith are belied by the record and do not demonstrate that an award of expenses would be clearly inappropriate.  Thus, the Court finds that Petitioner is entitled to expenses.

## C.    Necessary Expenses

In addition to expenses not being 'clearly inappropriate,' § 9007(b)(3) imposes the additional requirement that the expenses be 'necessary.'  22 U.S.C. § 9007(b)(3).

Respondent does not challenge the necessity of the expense.  Rather, his argument focused solely on the appropriateness of an award, arguing that he should not have to pay anything.  As the Court found above, an award is not clearly inappropriate.  Therefore, the Court finds that he has forfeited his ability to challenge the necessity of the expense.  It is not this Court's responsibility to fashion an argument on Respondent's behalf about the necessity of expenses.

With that said, the Court has reviewed Attorney Sayre's Affidavit outlining the fees and expenses incurred with this lawsuit.  Facially, both the hourly rate ($270.00 per hour) and the time spent (201.60 hours in eight months) do not appear unnecessary.

Therefore, the Court awards Petitioner the expenses she seeks, totaling $63,680.25.[2]

### III. CONCLUSION

The Court finds that an award of expenses is not clearly inappropriate in this case.  And the amount Petitioner seeks appears necessary.  Therefore, the Court **GRANTS** Petitioner's request and **ORDERS** Respondent to pay $63,680.25.

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **Senior United States District Judge**

**Dated: January 11, 2022**

---

[2] This award is made up of legal fees ($55,440.00), litigation costs ($4,643.90) and travel expenses ($3,596.35).